IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DEVIN T. HILL, )
 )
          Plaintiff, )
 )
          v. )      No. 12-0180-SSA-CV-W-MJW
 )
CAROLYN W. COLVIN, )
Acting Commissioner, )
Social Security Administration, )
 )
          Defendant. )

## ORDER

Plaintiff Devin T. Hill seeks judicial review[1] of a final administrative decision denying plaintiff Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

The parties' briefs are fully submitted, and an oral argument was held on February 7, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] **Error! Main Document Only.**With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument, this Court finds the decision of the administrative law judge (ALJ) that plaintiff is not disabled under the Social Security Act is not supported by substantial evidence in the record. Rather, the record supports that plaintiff has severe mental impairments which limit his functioning, preventing him from obtaining competitive employment. The ALJ erred by failing to find plaintiff did not meet the listing of section 12.05(c) in 20 C.F.R. Part 404, Subpart P, Appendix 1, and in the determination that there are jobs in the national economy that plaintiff can perform.

**Conclusion**

Although remand to the Commissioner for further proceedings is the normal remedy, remand is not necessary where the record overwhelmingly supports a finding of disability. See Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997). Here, the Court finds that plaintiff's debilitating limitations related to his mental impairments, as set forth in the record, would

disqualify him from any work that exists in significant numbers in the national economy. It is, therefore,

ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner with directions to compute and award benefits to plaintiff Devin T. Hill.

Dated this 29th day of March, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge